# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| GAILON LAMAROUS APPLEWHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16-CV-282 ACL |
| | ) | |
| SCOTT COUNTY JAIL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $12, which is twenty percent of his average monthly deposit. *See* 28 U.S.C. § 1915(b). Additionally, the Court will order the Clerk to serve process on defendants Ward, Misty, and Vinney.

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

## The Complaint

Plaintiff brings this action against the Scott County Jail and several correctional officers there. He alleges Officer Ward pushed him into a wall and struck him while he had his hands in the air. He says Officer Misty slammed a door on his foot and struck his chest, and he claims Officer Vinney failed to protect him while at the same time yelling obscenities at him. And he says Officer Amy Johnson refused his request for medical care. Plaintiff sues defendants in their individual capacities.

## Discussion

Plaintiff's claims against defendants Ward, Misty, and Vinney state a plausible claim for relief. So, the Court will order the Clerk to serve process on these defendants.

Plaintiff's claim against the Jail is legally frivolous because it cannot be sued. *Ketchum v. City of West Memphis*, Ark., 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such.").

In order to show that Johnson was deliberately indifferent to his medical needs, plaintiff must allege that he suffered an objectively serious medical need and that Johnson actually knew of but deliberately disregarded that need. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). Here, plaintiff's claims are entirely conclusory. Plaintiff has not alleged that he demonstrated to Johnson that he suffered from an objectively serious medical need or that

Johnson knew of the need and deliberately disregarded it. As a result, the complaint does not state a plausible claim against Johnson.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $12 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[1]

**IT IS FURTHER ORDERED** that the Clerk is directed to serve process on defendants Unknown Ward, Unknown Misty, and Unknown Vinney.

**IT IS FURTHER ORDERED** that defendants Scott County Jail and Amy Johnson are **DISMISSED** without prejudice.

An Order of Partial Dismissal will be filed separately.

Dated this 19th day of January, 2017.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

---

[1] Prisoners must pay the full amount of the $350 filing fee. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner will deduct the payments and forward them to the Court each time the amount in the account exceeds $10. 28 U.S.C. § 1915(b)(2).