# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| GAILON LAMAROUS APPLEWHITE, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:16-CV-282-ACL |
| SCOTT COUNTY JAIL, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to reconsider of the Court's Order of Dismissal dated May 12, 2017, and motion to reopen his case. For the following reasons, the Court will deny plaintiff's motion.

### Background

On December 8, 2016, plaintiff filed this action under 42 U.S.C. § 1983 against defendant Scott County Jail and four corrections officers: Officer Ward, Officer Misty, Officer Vinney, and Officer Johnson. Upon initial review, the Court dismissed defendants Scott County Jail and Officer Johnson. The United States Marshal Service served process on Officers Misty and Vinney; Officer Ward was never served.

Neither Officer Misty nor Vinney responded to plaintiff's complaint. On April 5, 2017, the Court ordered plaintiff to file appropriate motions for entry of default and for default judgment, supported by all necessary affidavits and documentation. The Court noted that "[f]ailure to comply with this order may result in dismissal without prejudice." Plaintiff never complied with the Court's Order of April 5, 2017. On May 12, 2017, the Court dismissed without prejudice plaintiff's complaint under Federal Rule of Civil Procedure 41(b).

On September 7, 2018, nearly a year and a half after the Order of Dismissal, and nearly two years after filing suit, plaintiff has filed a motion to reconsider the Order of Dismissal and reinstate his case. He has also filed, simultaneously, a notice of appeal. Plaintiff states that in the intervening sixteen months between dismissal and his motion, he has "been having mental health issues" and "pain since his foot was slammed in the cell door." He seeks to reopen his case.

**Discussion**

Under Federal Rule of Civil Procedure 60(b), the Court may relieve plaintiff from an order for mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; fraud; or any other reason that justifies relief. *See* Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made "within a reasonable time—and for the reasons of [mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; or fraud] no more than a year after entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

As a threshold issue, plaintiff has waited longer than a year after the dismissal of his case to file his motion. Assuming plaintiff could point to a mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, or fraud that would justify his motion for relief (which he has not alleged), the motion would be time barred under Rule 60(c)(1). Under Rule 60(b)(6), however, the Court still could relieve plaintiff from the Court's order of dismissal for "any other reason that justifies relief" if his motion was made "within a reasonable time." Fed. R. Civ. P. 60(b)(6) and 60(c)(1).

In reviewing a motion to reopen a case after a Rule 41(b) dismissal without prejudice, the Court takes into account: (1) danger of prejudice to the non-moving party; (2) length of delay and its potential impact on judicial proceedings; (3) whether movant acted in good faith; and (4)

reason for delay, including whether it was within movant's reasonable control. *See Glass v. Scottrade, Inc.*, 354 Fed. App'x 276, 276 (8th Cir. 2009) (per curiam) (citing *In re Guidant Corp. Implantable Defibrillators Prod. Liab. Litig.*, 496 F.3d 863, 866-68 (8th Cir. 2007)).

After reviewing the grounds raised by plaintiff, the Court will decline to relieve plaintiff from the order of dismissal without prejudice entered May 12, 2017, and will deny his motion to reopen the case. Though the Court has no reason to question plaintiff's good faith, his reasons for delay were within his control. The Court does not find plaintiff's foot pain and unspecified mental health issues to excuse his delay of sixteen months in responding to the Court's order. Importantly, plaintiff has still not responded to the Court's order dated April 5, 2017, requiring him to submit motions for entry of default and for default judgment, supported by necessary documentation. *See* ECF No. 14. Plaintiff has not submitted with his motion to reopen, the documents requested by the Court eighteen months ago. He remains in violation of the Court order.

Additionally, the Court finds some danger of prejudice to defendant Officers Misty and Vinney if the Court were to reopen this case. These officers were served with the summons and complaint on February 8, 2017. They never entered their appearances, and never responded to the complaint. Assuming the Court were to reopen the case, and further assuming plaintiff complies with the Court's Order dated April 5, 2017, the Court would be required to rule on a motion for default judgment twenty months after service of process on defendants. The Court finds this length of time between service and default to be unreasonable, and likely to prejudice defendants who might have forgotten altogether about this case. Moreover, if defendants were to move to set aside the default judgment, their memories regarding the service of the complaint

and their reasons for failure to respond would have faded. For these reasons, the Court will deny plaintiff's motion to reopen the case.

The Court notes for plaintiff that this case was dismissed without prejudice to refiling. The events alleged in his complaint occurred on November 11, 2016, and the statute of limitations on plaintiff's action has not run. If plaintiff were to refile his complaint as a new case, the problems addressed in this Memorandum and Order regarding the reopening of a seventeen-month dormant case would not exist.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to reconsider of the Court's Order of Dismissal dated May 12, 2017 and motion to reopen his case is **DENIED**. [ECF No. 17]

Dated this 5th day of October, 2018.

                                                */s/ Stephen N. Limbaugh, Jr.*
                                                STEPHEN N. LIMBAUGH, JR.
                                                UNITED STATES DISTRICT JUDGE